IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL WRIGHT,

      Plaintiff,                      No. 2:11-cv-1792 DAD (PC)

    vs.

DOROTHY SWINGLE, et al.,

      Defendants.              <u>ORDER</u>

                /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his complaint, filed July 7, 2011, plaintiff alleges violations of his Eighth Amendment rights in connection with medication practices at High Desert State Prison (High Desert).  Specifically, plaintiff alleges that "medical staff" are continually running out of his prescribed pain medication and then taking "more than a month" to refill the medication. Complaint (Doc. No. 1) at 4.  He further alleges that the medication, which is time-release medication, is being crushed when delivered to him which is causing his throat to swell and his mouth to "go numb."  Id.  He further alleges that some of his medication is not supposed to be crushed, and that some of his medications are not supposed to be mixed.  Plaintiff seeks money damages and injunctive relief.

Plaintiff has listed seven defendants in the caption of his complaint.  Six of the same individuals are listed as defendants in Section III of the form complaint.  One of the defendants listed in the caption, Norma Acquaviva, is not listed in Section III, and one of the defendants listed in Section III, J. Camacho, is not listed in the caption of plaintiff's complaint. In addition, while plaintiff has appended numerous exhibits to his complaint, the complaint itself contains no specific charging allegations against any of the named defendants.  For these reasons, the court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must specifically identify each defendant in the action, and he must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because

3

plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must allege facts demonstrating how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved in the alleged constitutional deprivation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, in light of the nature of plaintiff's allegations, the Clerk of the Court will be directed to send a copy of plaintiff's complaint to the Receiver in Plata v. Schwarzenegger, No. C-01-1351 TEH (N.D.Cal.).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

1  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
2  Director of the California Department of Corrections and Rehabilitation filed concurrently
3  herewith.
4         3. Plaintiff's complaint is dismissed.
5         4. Within thirty days from the date of this order, plaintiff shall complete the
6  attached Notice of Amendment and submit the following documents to the court:
7         a. The completed Notice of Amendment; and
8         b. An original and one copy of the Amended Complaint.
9  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
10 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
11 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
12 file an amended complaint in accordance with this order may result in the dismissal of this
13 action.
14        5. The Clerk of the Court is directed to send a copy of plaintiff's original
15 complaint and a copy of this order to the Plata Receiver, California Correctional Health Care
16 Services, Controlled Correspondence Unit, P.O. Box 4038, Sacramento, CA 95812-4038.
17 DATED: October 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
wrig1792.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL WRIGHT,

    Plaintiff,

vs.

DOROTHY SWINGLE, et al.,

    Defendants.

_____/

No. 2:11-cv-1792 DAD (PC)

NOTICE OF AMENDMENT

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:

                                            Plaintiff