IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL WRIGHT,

      Plaintiff,                    No. 2:11-cv-1792 DAD (PC)

     vs.

DOROTHY SWINGLE, et al.,

      Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). <u>See</u> Consent filed August 5, 2011 (Doc. No. 5.) By order filed November 18, 2011, this action was dismissed without prejudice due to petitioner's failure to file an amended complaint. Judgment was entered on the same day.

        On December 19, 2011, petitioner filed a motion for reconsideration of the order of dismissal and the judgment entered thereon, to amend his petition, and for appointment of counsel. (Doc. No. 12.) By order filed March 19, 2012, plaintiff was granted thirty days to supplement his motion for reconsideration by filing a proposed amended complaint. (Doc. No. 13.) Plaintiff subsequently sought and received an extension of time to file the proposed amended complaint. (Doc. Nos. 14, 16.) On June 27, 2012, plaintiff filed a proposed amended

1

1  complaint. (Doc. No. 18.) Good cause appearing, plaintiff's motion for reconsideration of the
2  order dismissing this action and the judgment entered thereon will be granted. The action will be
3  reopened and the court will screen the amended complaint pursuant to 28 U.S.C. § 1915A.
4      The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
9  U.S.C. § 1915A(b)(1),(2).
10     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
14 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.
17     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
18 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
20 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
21 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more
22 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23 allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id.
24 However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the
25 defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson
26 v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 550 U.S. at 555, in turn quoting Conley v.

1  Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must
2  accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 94, and construe
3  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
4  (1974).

5  Plaintiff has named the following seven defendants in the caption of his amended
6  complaint:  Dorothy E. Swingle, John Nepomuceno, R. Askey, Dr. J. Burgett, Norma Aquaviva,
7  Shannon Martin, and Charles Nielsen.  Four additional defendants are named in section III of the
8  form complaint submitted by plaintiff:  J. Camacho, Steven Porter, LVN Calwell, and LVN
9  Moore.  In the "statement of claim" appended to the amended complaint, plaintiff makes
10 allegations against LVNs Mrs. Mitchell, Mrs. Lifton, and Mrs. Garcia, and May.  Plaintiff also
11 makes allegations against Steven Porter, J. Camacho, and Norma Aquaviva in his amended
12 complaint.  There are no charging allegations against any of the other individuals identified as
13 defendants in either the caption of the amended complaint or section III thereof.

14 The gravamen of the allegations in plaintiff's amended complaint arise from
15 alleged failures to timely deliver and/or renew medication that plaintiff believes is necessary to
16 his care.  However, the court is unable to determine whether plaintiff has stated a cognizable
17 claim under the Eighth Amendment because plaintiff's allegations of deliberate indifference are
18 too vague and conclusory.  For that reason, the court is unable to determine whether the current
19 action is frivolous or fails to state a claim for relief.

20 For the foregoing reasons, the court has determined that the amended complaint
21 does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the
22 Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the
23 elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,
24 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts
25 which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to
26 /////

comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must name each defendant in this action in the caption of the second amended complaint and in section III of the form complaint that will be provided with this order. The allegations of any second amended complaint must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved in the alleged deprivation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has filed a motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of

counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 9, 2011 motion for reconsideration (Doc. No. 12) is granted;

2. This court's November 18, 2011 order and the judgment entered thereon are vacated;

3. Plaintiff's amended complaint is dismissed;

4. Within thirty days from the date of this order, plaintiff shall submit an original and one copy of the second amended complaint to the court.  Plaintiff's second amended complaint shall be completed on the form provided with this order and shall comply with this order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action;

5. The Clerk of the Court is directed to send plaintiff a form civil rights complaint and accompanying instructions; and

6. Plaintiff's June 27, 2012 motion for appointment of counsel (Doc. No. 18) is denied.

DATED: September 7, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
wrig1792.60b